Jess G. Webster, ABA No. 8410088
Brian Guthrie, WSBA No. 41033
Pro Hac Vice
MILLER NASH LLP
2801 Alaskan Way, Ste 300
Seattle, WA 98121
Telephone: 206.624.8300
Fax: 206.340.9599
Email: jess.webster@millernash.com
Email: brian.guthrie@millernash.com
    *Attorneys for Plaintiff*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIKIGAQ CONSTRUCTION, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>JANUS GLOBAL OPERATIONS LLC,<br><br>    Defendant | Case No.<br><br>COMPLAINT |

### COMPLAINT OF PLAINTIFF TIKIGAQ CONSTRUCTION, LLC

Plaintiff Tikigaq Construction, LLC ("Tikigaq") for its Complaint against Defendant Janus Global Operations, LLC ("Janus") alleges as follows:

### I.    PARTIES

1.    Plaintiff Tikigaq is an Alaska Native corporation organized under the laws of the State of Alaska and maintaining its principal place of business in the State of Alaska.

PDX\ZTB\31042619.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

Case 3:22-cv-00120-JWS   Document 1   Filed 05/13/22   Page 1 of 7

2. On information and belief, Defendant Janus is a limited liability company organized under the laws of the State of Delaware and maintaining its principal place of business in the State of Tennessee.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a resident of the State of Alaska. Defendant is a resident of the states of Delaware and Tennessee. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4. Venue in the District of Alaska is proper under 28 U.S.C. § 1391 because Tikigaq resides and is located in this District and the subject contracts and agreements were executed in part in this District. Venue is also proper in the District of Alaska per the agreement of the parties.

## III. STATEMENT OF FACTS

5. Tikigaq is a construction contractor that provides design-build and construction management services to the U.S. government and other customers. Tikigaq served as a prime contractor and subcontractor for HUBzone Multiple Award Construction Contract N40192-16-D2706 and other contracts ("Projects") awarded by the U.S. Department of Defense ("Government"). The Projects involved the design and construction of certain U.S. military facilities on the island of Guam.

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

6. Janus is an integrated stability operations company that provides munitions response, demining, IED remediation, logistics, life support, and other services.

7. As is typical for projects in Guam, the Projects involved certain Munitions and Explosives of Concern ("MEC") work due to prior military operations in Guam. MEC work involves locating and safely removing potentially dangerous munitions and explosives on a project site prior to the follow-on construction trades' performance of their respective work on the Projects.

8. In 2019, Janus contacted Tikigaq and expressed an interest in starting to perform MEC work in Guam. Janus had prior experience performing MEC work elsewhere, but had never performed MEC work in Guam and viewed Guam as a financially viable new market for Janus. Ultimately, the parties negotiated and executed a Teaming Agreement dated July 17, 2019 for purposes of cooperatively pursuing government contracts together in Guam ("Teaming Agreement").

9. Tikigaq and Janus entered into a Master Subcontract Agreement dated July 21, 2019 ("MSA") for purposes of subcontracting certain MEC work on the Projects to Janus.

10. Pursuant to the MSA, Tikigaq issued certain Task Orders to Janus for performance of certain MEC work on various Projects: Task Order 7009, Task Order 7011, Task Order 7018, Task Order 7027, Task Order 7047, Task Order 7070, Task

COMPLAINT – PAGE 3 OF 7

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

Case 3:22-cv-00120-JWS   Document 1   Filed 05/13/22   Page 3 of 7

Order 7078, Task Order 7085, Task Order 7090, Task Order 7098, Task Order 7101 and Task Order 7107 ("Task Orders").

11. The MSA required Janus to timely and properly provide all labor, equipment and materials necessary for timely and proper performance of the Task Order work, including submission of required work plan submittals.

12. As a pre-condition to the commencement of its Task Order work, Janus was required to timely provide certain key submittals to Tikigaq for approval by the Government (including personnel qualifications, work plans and other submittals).

13. Janus repeatedly failed to provide adequate manpower to timely prosecute the work in accordance with the agreed-upon Task Order schedules, which resulted in delays and impacts to Tikigaq and the Projects.

14. Janus repeatedly failed to timely and properly comply with its submittal obligations (including personnel qualifications submittals and work plan submittals), which resulted in delays and impacts to Tikigaq and the Projects.

15. Janus failed to comply with its safety obligations on certain Task Orders, which resulted in delays and impacts to Tikigaq and the Projects.

16. In the Summer of 2020, Janus abandoned the Projects and advised Tikigaq that it would be demobilizing from the Projects and would no longer be progressing any Task Order work.

17. As a result of Janus' abandonment of the Projects and ongoing and persistent failures to comply with its performance obligations, Tikigaq invoked the

COMPLAINT – PAGE 4 OF 7

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

Case 3:22-cv-00120-JWS   Document 1   Filed 05/13/22   Page 4 of 7

default provisions in the MSA. After multiple notices to cure were met with no corrective action and further Janus failures, Tikigaq exercised its right to terminate the MSA in August 2020.

18. Subsequent to the termination of Janus, Tikigaq hired a replacement MEC subcontractor to finish Janus' incomplete Task Orders resulting in additional costs to Tikigaq for which Janus is responsible.

19. As a result of Janus' default and material breaches of the MSA, Tikigaq has incurred damages in an amount to be proven at trial but at least $2,911,450.44 plus interest, attorneys' fees and costs.

## IV. FIRST CAUSE OF ACTION – BREACH OF CONTRACT

20. Tikigaq restates and incorporates all prior paragraphs of this Complaint as if fully set forth herein.

21. Janus breached its express and implied obligations under the MSA and the Task Orders in a number of ways, including but not limited to abandoning the Projects, failing to provide adequate manpower for the Projects, failing to comply with its safety obligations on the Projects and failing to timely and properly provide certain submittals.

22. As a direct and proximate result of Janus' breaches of its express and/or implied obligations under the MSA and the Task Orders, Tikigaq has incurred damages in an amount to be proven at trial but at least $2,911,450.44 plus interest, attorneys' fees and costs.

COMPLAINT – PAGE 5 OF 7

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

Case 3:22-cv-00120-JWS   Document 1   Filed 05/13/22   Page 5 of 7

## V. SECOND CAUSE OF ACTION – INDEMNITY

23. Tikigaq restates and incorporates all prior paragraphs of this Complaint as if fully set forth herein.

24. As a direct and proximate result of Janus' breaches of its express and/or implied obligations under the MSA and the Task Orders, certain third-party claims for damages have been asserted and/or may be asserted against Tikigaq.

25. Pursuant to Janus' express and/or implied indemnity obligations, to the extent Tikigaq is held responsible for any third-party claims related in any way to Janus' Task Order work, Janus is obligated to indemnify Tikigaq for such damages in an amount to be proven at trial.

## VI. PRAYER FOR RELIEF

Tikigaq respectfully requests the following relief:

1. Judgment in favor of Tikigaq and against Defendant in an amount to be proven at trial but at least $2,911,450.44.

2. Pre-judgment interest to the fullest extent permitted by law from the earliest date of liquidation until entry of judgment.

3. Post-judgment interest to the fullest extent permitted by law from the date of entry of judgment until paid in full.

4. Award of costs and attorneys' fees to the fullest extent permitted by contract, law and/or equity.

5. Any other relief this Court deems just and equitable.

COMPLAINT – PAGE 6 OF 7

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

Case 3:22-cv-00120-JWS   Document 1   Filed 05/13/22   Page 6 of 7

DATED May 12, 2022.

                          */s/ Jess Webster*
                          Jess G. Webster, ABA No. 8410088
                          Brian Guthrie, WSBA No. 41033
                          Pro Hac Vice
                          MILLER NASH LLP
                          2801 Alaskan Way, Ste 300
                          Seattle, WA 98121
                          Telephone: 206.624.8300
                          Fax: 206.340.9599
                          Email: jess.webster@millernash.com
                          Email: brian.guthrie@millernash.com

                          Attorneys Plaintiff Tikigaq Construction, LLC

COMPLAINT – PAGE 7 OF 7

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

Case 3:22-cv-00120-JWS   Document 1   Filed 05/13/22   Page 7 of 7